IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KENDRICK C. HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-305 (RDA/IDD) |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation ("Recommendation") issued by Magistrate Judge Ivan D. Davis on October 27, 2023. Dkt. 7. For the reasons that follow, the Court approves and adopts the Recommendation and will deny Plaintiff's Motions to Proceed *In Forma Pauperis* (Dkts. 4, 6).

Additionally, seeking to proceed *in forma pauperis* subjects Plaintiff's Complaint to the screening requirements of 28 U.S.C. § 1915(e). *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Pursuant to Section 1915(e), a complaint may be dismissed *sua sponte* if the plaintiff's claims are frivolous, malicious, fail to state a claim, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Whether a complaint states a claim upon which relief can be granted in this instance is governed by the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Upon its review, the Court finds that Plaintiff's Complaint presents no claim upon which relief can be granted and will therefore also dismiss the Complaint.

1

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint in this Court on March 7, 2023. Dkt. 1. In his Complaint, Plaintiff asserts claims against the Commonwealth of Virginia and the Virginia Department of Social Services, Division of Child Support Enforcement under the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. § 1692e(2)(b), 15 U.S.C. § 1692f(1), 15 U.S.C. § 1692j(a), and 15 U.S.C. § 1692k(d). Dkt. 1 at 2-3. In support of his asserted claims, Plaintiff specifically makes the following allegations:

> The debtor collector put on credit report, owing $73,853. No proven document to support the amount. Child(s) are emancipated in March of 2017. The debtor still submitted to employers a withholding notice, to garnish wages, when the case is close[d] (can no longer use past court order). Proven false documents to employer. Proven letterheads to debtor, to close account, due to false claim to collect.

*Id.* at 4. And Plaintiff seeks the following relief:

> Take debt owing off credit report (closing-paid off). The debtor collector return overpayments from employer from 2003-2019, due to proof of salary (disposable) given to original collector for payments. For submitting false salary to court, and lost of job (security clearance), and submitting false documents to other employers, compensation of lost salary, from 2016-2022. Base salary was $65,425.00. Payment back of legal fees @ 14,000. Pain & suffering cause from family. Not able to see or talk with kids (child support), when making payments from 2003-2016. Not able to participate in activities with children and/or have activities with children.

*Id.* at 4-5.

On March 7, 2023, Plaintiff filed his first Motion for Leave to Proceed *in Forma Pauperis*. Dkt. 4. On October 12, 2023, Magistrate Judge Davis ordered Plaintiff to supplement the motion to clarify inconsistencies in the income and expense amounts listed. Dkt. 5. Plaintiff then filed his second Motion for Leave to Proceed *in Forma Pauperis* ("Motion") on October 20, 2023. Dkt. 6. Judge Davis recommends denying the Motion. Dkt. 7. On November 13, 2023, Plaintiff objected to the Recommendation ("Objections"). Dkt. 8.

## II. STANDARD OF REVIEW

A district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.").

District courts may authorize civil actions to commence "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of assets." 28 U.S.C. § 1915(a)(1); *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). Thus, *in forma pauperis* status is available to a party who can declare to the Court through an affidavit that he cannot, "because of his poverty, pay or give security for the costs and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).

Under 28 U.S.C. § 1915(e)(2), a court must dismiss a case if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards for dismissal pursuant to section 1915(e)(2)(B)(ii) are the same as those for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Further, "a judge must accept as true all of the factual allegations contained in the complaint" and accord a liberal construction to a *pro se* litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. ANALYSIS

As an initial matter, Judge Davis found that Plaintiff has sufficient discretionary income available such that his allegation of poverty is untrue. Dkt. 7 at 2. Specifically, Judge Davis found that there were inconsistencies in the reported amounts of expected income and expenses. *Id.* And, even resolving these inconsistencies in Plaintiff's favor, $3,145.12 would be left in monthly discretionary income, which would allow Plaintiff to pay the requisite filing fees and provide for the necessities of life. *Id.* Plaintiff objects to this finding, stating that he reported his spouse's expected gross pay but that she was at the time on leave without pay due to a government shutdown. Dkt. 8 at 2. Plaintiff further reiterates that the $9,000 expected monthly income amount is based on public assistance. *Id.* And Plaintiff appears to represent that his monthly expense of $4,959.88 based on garnished wages actually ended in September 2022. *Id.*

As a preliminary matter, Plaintiff's new assertions were not made under penalty of perjury. Accordingly, to the extent these assertions conflict with his prior affidavit, the Court declines to consider them. Even were the Court to consider them, these new assertions do not change the Court's conclusion. Regarding the assertion of a government shutdown, Plaintiff's second motion for leave to proceed *in forma pauperis* was filed on October 20, 2023, and his Objections were filed on November 13, 2023. The Court understands that, while there was a potential for a federal government shutdown in 2023, no actual shutdown occurred at that time. Thus, Plaintiff's unsworn assertion that his spouse had been placed on leave without pay due to a government shutdown, without more, cannot overcome his prior affirmation under penalty of perjury that her expected monthly income was $3,400. Indeed, Plaintiff seems to indicate in his Objections that $3,400 was actually his spouse's gross biweekly pay rate—indicating that her expected monthly salary may be even higher than initially reported. Likewise, Plaintiff's apparent representation

4

that his monthly expense for garnished wages ended in 2022 only adds to the amount of discretionary income that the Court determines defeats his claim of *in forma pauperis* status. And Plaintiff's assertion that the $9,000 expected monthly income amount is based on public assistance merely repeats what is already clear from the Motion. Accordingly, upon consideration of Plaintiff's Motion and Objections, this Court agrees with Judge Davis's Recommendation that Plaintiff's financial situation does not warrant the opportunity to proceed with the matter *in forma pauperis* because it appears that he can pay the Court's filing fee with discretionary income and still be able to provide for himself.

In any event, even if Plaintiff's Motion were granted, his Complaint must be dismissed for lack of jurisdiction. Defendants in this case are the Commonwealth of Virginia and the Virginia Department of Social Services, Division of Child Support Enforcement, which is a state agency. The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Officer for Prot. & Advocacy v. Stewart*, 536 U.S. 247, 253-54 (2011). This grant of immunity covers not just the state itself, but also the state's agencies. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Congress did not abrogate state sovereign immunity in the FDCPA. *See Banks v. ASC Educ.*, 638 F. App'x 587, 589 (9th Cir. 2016) (observing that 15 U.S.C. § 1692a(6)(C) "exclud[es] states from the definition of 'debt collector'"); *Alexander v. Dist. Ct. of Maryland for Charles Cnty.*, 2008 WL 6124449, at *7 (D. Md. Mar. 20, 2008) ("Nor is there any suggestion that immunity was abrogated in the Fair Debt Collection Practices Act."), *aff'd sub nom. Alexander v. Dist. Ct. of Maryland ex rel. Charles Cnty.*, 290 F. App'x 595 (4th Cir. 2008); *Sorrell v. Illinois Student Assistance Comm'n*, 314 F. Supp. 2d 813, 817 (C.D. Ill. 2004) ("Because the State of Illinois has not waived its sovereign

immunity, and Congress has not unequivocally expressed an intent to abrogate the State's immunity, this Court holds as a matter of law that the Plaintiff's claims pursuant to the FDCPA are barred by the Eleventh Amendment."). Because Defendants have not waived their sovereign immunity from suit in federal court, the Complaint—which only asserts FDCPA claims—must be dismissed without prejudice.

## IV. CONCLUSION

Having reviewed Plaintiff's Objections, the record, and Judge Davis's Recommendation, the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 7); and it is

FURTHER ORDERED that Plaintiff's Objections (Dkt. 8) are OVERRULED; and it is

FURTHER ORDERED that Plaintiff's Motions for Leave to Proceed in Forma Pauperis (Dkt. 4, 6) are DENIED; and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE and without leave to amend.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of this Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment against Plaintiff Kenrick C. Hamilton, forward copies of this Order to Plaintiff, *pro se*, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
October 30, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge